Abraham N. Geller, J.
This is a motion for a preliminary injunction by the City of New York directed against Local 704 of the International Brotherhood of Firemen & Oilers, Public Service & Institutional Employees, and the stationary firemen who tend the city’s eleven incinerator plants.
During the pendency of a proceeding before the Comptroller pursuant to section 220 of the Labor Law, for a wage increase on the basis of prevailing wage rates in private industry, the city made a compromise offer. At a union meeting held on November 3, 1968, the membership voted to reject the offer. The union officers allege that they urged the members 1 ‘ to sit tight while the Comptroller’s determination was appealed through the courts ”, but that the members held a “rump” meeting, protesting any further delay. On November 4, 1968, the Comptroller issued his determination. Beginning with the midnight shift of November 5-6, 1968, all of the stationary firemen have failed to report. The affidavit submitted on behalf of the union states that “ a spontaneous work stoppage resulted at 12:01 on the morning of November 6, 1968”. As a result, *153 the incinerator operations of the Department of Sanitation have been forced to close down.
The order to .show cause for this preliminary injunction, containing a temporary restraining order prohibiting “ any strike, concerted stoppage of work, or slowdown ’ ’ with a direction to the union officers to forthwith instruct all members not to engage in any such prohibited acts, was obtained from a Justice of this court nn November 6, 1968, at 9:45 p.m., providing for service of the papers on November 7, 1968, by 5:00 p.m., and returnable November 8, 1968, at 9:30 a.m. On the argument at that time the court extended the stay until determination of the motion, the city to serve and file its brief by 4:00 p.m. that day and the union its. answering brief by November 12, 1968, at 10 :00' a.m., immediately after the weekend and Armistice Day. This decision is being filed on November 12, 1968.
The union’s contention is that this is not a strike and that a hearing should be held to determine whether or not it is a strike before a preliminary injunction may issue.
The Taylor Act (Civil Service Law, §§ 200-212, eff. Sept. 1, 1967) is directed to public employees as well as their recognized employee organizations. The term “strike” as used therein ‘ ‘ means any strike or other concerted stoppage of work or slowdown by public employees ” (§ 201, subd. 10). Section 210 provides that “ No public employee or employee organization shall engage in a strike; and no employee organization shall cause, instigate, encourage or condone a strike ”. Section 211 provides for an application to the Supreme Court for an injunction against any act or threat of act in violation of section 210.
The “ spontaneous work stoppage ” described in the union’s affidavit clearly constitutes a “concerted stoppage of work ” within the meaning of a “ strike ” prohibited by the Taylor Act (Civil Service Law, § 201, subd. 10). The law cannot be frustrated by the device of having the membership purportedly refuse to follow their officers’ recommendations. In any event, the concerted work stoppage by public employees must be enjoined under the law and their employee organization enjoined from condoning the work stoppage.
The contention that a hearing is necessary to determine whether this is a strike is naive. It endeavors to becloud the meaning and effect of a concerted stoppage of work, which renders the employees subject to injunctive and enforcement relief, in addition to whatever remedies are made available as against their employee organization.
With respect to the union and its officers, whether their efforts to persuade the members to abide proper legal action be viewed *154 as- sincere or insincere, they are subject as the recognized employee organization of these public employees to orders of the court to instruct or persuade them to return to work (International Union v. United States, 177 F. 2d 29, 36). A union, which continues as the recognized representative of its members, must to that extent assume responsibility for the concerted acts of its membership (United States v. Brotherhood of Railroad Trainmen, 96 F. Supp. 428, 431).
The motion for a preliminary injunction is accordingly granted in all respects.